IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-0425-MSK-MJW

CHRISTOPHER M. ROE, and
KELLY A. ROE,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**MEMORANDUM OPINION AND ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS (#90), DENYING (AS MOOT) THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (#83), GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#88), AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

**THIS MATTER** comes before the Court on the United States of America's Motion for Partial Dismissal Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure **(#90)**. Also pending are the parties' cross-motions for summary judgment **(#83, #88)** and supporting briefs **(#89, #104)**. Having considered the motions, the responses **(#96, #102, #106, #111, #112)**, and the replies **(#107, #114)**, the Court finds and concludes as follows.

### I. Jurisdiction

For purposes of determining the pending motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The Roes allege that they have had no federal or state income tax liability since 1999 and that the assessment of tax penalties against them for tax years 2000 and 2001 was frivolous. They contend that they are not required to pay income taxes because they are sovereign and thus exempt from federal and state tax statutes. They assert four claims against the United States:

(1) The Internal Revenue Service ("IRS") is not constitutionally empowered to collect taxes from the Roes.

(2) It violates the separation of powers doctrine for the IRS to lay and collect taxes because this is a power assigned to Congress.

(3) The Roes are not subject to the Internal Revenue Code.

(4) The IRS is trying to gain control over the Roes' property without jurisdiction or due process.

The United States moves to dismiss these claims for lack of subject matter jurisdiction but also contends that the Court has jurisdiction to resolve two issues presented by the Amended Complaint: (1) whether the IRS assessed a frivolous filing penalty against Mr. Roe for tax year 2000; and (2) whether the IRS agent abused his discretion in upholding collection of this penalty.

## III. Issues Presented

The Court must determine whether it has subject matter jurisdiction over any of the Roes' claims against the United States. To the extent it does, the Court must determine whether a trial is required on any claim.

## IV. Motion to Dismiss

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss claims over which the Court lacks subject matter jurisdiction. Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Here, the United States has attached no materials to its motion. Therefore, in ruling upon the motion to dismiss, the Court limits itself to the allegations in the Amended Complaint and the arguments of the parties.

### B. Analysis

With the exceptions set forth *supra*, the United States moves to dismiss all of the Roes' claims for lack of subject matter jurisdiction. The United States contends that the Court lacks jurisdiction over the Roes' claims because: (1) they have a pending tax court case (Tax Court Case No. 20535-03) regarding the proposed assessments against them for federal income taxes and associated penalties for tax years 2000 and 2001; and (2) the Roes have failed to allege any basis upon which the United States has waived sovereign immunity.

In their several responses to this motion, the Roes do not dispute that they have a

pending tax case involving their income tax liability and penalties for tax years 2000 and 2001. They instead argue that the motion to dismiss should be denied because it was untimely filed, the existence of a pending tax case does not deprive this Court of jurisdiction, the United States is not a party to this case, and even if the United States were a party, it could not claim sovereign immunity because the Roes are not taxpayers.

The Court rejects the Roes' contention that the motion is not timely. A motion to dismiss for lack of subject matter jurisdiction can be made at any time. The Court also rejects the Roes' assertion that the United States is not the proper party to this lawsuit. The Court has already determined that the United States is the proper Defendant. (*See* **Order at #113**).

It is not necessary to address the issue of sovereign immunity because it is not disputed that the Roes have a pending case in the tax court pursuant to 26 U.S.C. § 6213 in which they challenge their income tax assessments for 2000 and 2001. When the IRS sends a notice of deficiency to a taxpayer, the taxpayer may file a petition with the tax court for a redetermination of the asserted deficiency. *See* 26 U.S.C. § 6213(a). If the taxpayer files such a petition, then the district court loses jurisdiction over the taxpayer's suit to the extent the tax court exercises jurisdiction. *See* 26 U.S.C. § 7422(e). Because the Roes have a pending tax case challenging their income tax assessments for tax years 2000 and 2001, this Court lacks subject matter jurisdiction to consider such challenges. The Court therefore dismisses all of the Roes' claims except for Mr. Roe's claim pertaining to the 2000 tax penalty assessed against him, which the parties agree are

not pending before the tax court.

## V. Motions for Summary Judgment

### A. Standard of Review

Determination of claims or defenses on their merits without a trial is governed by Rule 56 of the Federal Rules of Civil Procedure, which facilitates the entry of a judgment if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 authorizes summary adjudication when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law determines the material facts and issues. It specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P.

56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence for a reasonable jury to find in favor of the non-movant on the claim or defense that the non-movant is obligated to prove. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

This case involves cross-motions for summary judgment. "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact, cross motions must be evaluated independently." *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

**B. Analysis of the Roes' Motion**

The Roes move for summary judgment "on the issue that the respondent lacks venue/jurisdiction/authority to move against [the Roes] for the collection of any amount pursuant to the federal internal revenue code for the years 2000 and 2001 and any previous collection activity was a misapplication of the internal revenue code (IRC) as the respondent willfully and negligently violated the Article 1.8.17 limits of Congress when imposing the IRC on the [Roes]." In this motion, the Roes challenge the imposition of taxes for tax years 2000 and 2001. However, the Court has already dismissed all claims challenging the assessment of 2000 and 2001 taxes for lack of subject matter jurisdiction. Therefore, the Roes' summary judgment motion is denied, as moot.

**C. Analysis of the United States' Motion**

The United States moves for summary judgment on the Roes' two remaining claims: (1) that the IRS assessed a frivolous filing penalty against Mr. Roe for tax year 2000; and (2) that the IRS agent abused his discretion in upholding collection of this penalty. The Roes did not respond to this motion.

Under 26 U.S.C. § 6702, the United States may assess a civil penalty in the amount of $500 against an individual who files an income tax return omitting information based upon a frivolous position. As to the Roes' first claim, the United States must come forward with evidence that the $500 filing penalty assessed against Mr. Roe was not frivolous. *See* 26 U.S.C.

§ 6703(a) (allocating the burden of proof to the government). It has done so. In particular, it has submitted evidence that on his 2000 tax return, Mr. Roe declared that he had no income even though his W-2 forms for that same year show that he earned several thousand dollars in wages. Mr. Roe has produced no evidence to establish a genuine dispute as to any material fact with respect to this claim. Therefore, the United States is entitled to summary judgment on this claim.

As to the second claim, the Roes must come forward with evidence that the IRS agent abused his discretion in upholding collection of the tax penalty for tax year 2000. *See* H.R. Conf. Rep. 105-599 (1998) (an appeals officer's determination as to the appropriateness of collection activity is reviewed for abuse of discretion); *see also Mesa Oil, Inc. v. United States*, 2000 WL 1745280, *2 (D. Colo. 2000) (Not Published in the Federal Reporter). The Roes have come forward with no evidence in opposition to the United States' summary judgment motion and therefore have not made a *prima facie* showing of an abuse of discretion. Therefore, the Court also grants summary judgment for the United States on this claim.

**IT IS THEREFORE ORDERED** that:

(1)   The United States of America's motion to dismiss **(#90)** is **GRANTED**.

(2)   The Roes' motion for summary judgment **(#83)** is **DENIED**.

(3)   The United States of America's motion for summary judgment **(#88)** is **GRANTED**.

(4)  The Clerk of Court is directed to close this case.

Dated this 19th day of September, 2005.

                                                **BY THE COURT:**

*Marcia S. Krieger* (signature)

Marcia S. Krieger
United States District Judge