IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00425-MSK-MJW

CHRISTOPHER M. ROE, and
KELLY A. ROE,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant

---

## ORDER REGARDING MOTIONS TO RECONSIDER (#141, #143)

---

THIS MATTER comes before the Court on the Plaintiffs' motions for reconsideration **(#141, #143)** of the Court's Order **(#139)** dismissing most of their claims and granting summary judgment in favor of the Defendant on the remaining claim. Having considered the motions and the response **(#145)** thereto, the Court

**FINDS** and **CONCLUDES** that:

On September 19, 2005, the Court issued an Order **(#139)** dismissing most of the Plaintiffs' claims for lack of subject matter jurisdiction, granting summary judgment in favor of the Defendant on the remaining claim, and directing the Clerk of Court to close this case. The Plaintiffs have filed two motions under Fed. R. Civ. P. 59(e) seeking reconsideration of that Order. They also seek a stay of the Court's judgment pending appeal in the event that the Court declines to reconsider its Order.

A Rule 59(e) motion for reconsideration should be granted to correct manifest errors of

law or to allow presentation of newly discovered evidence. *See Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). In their first motion for reconsideration **(#141)**, the Plaintiffs have not demonstrated that the Court's ruling contained manifest errors of law or that they have discovered new evidence which they should be allowed to present. Therefore, the Court denies such motion.

In their second motion for reconsideration **(#143)** and supporting brief **(#144)**, the Plaintiffs take issue with the Court's determination that their motion for summary judgment was moot. The Court ruled as follows:

> The Roes move for summary judgment "on the issue that the respondent lacks venue/jurisdiction/authority to move against [the Roes] for the collection of any amount pursuant to the federal internal revenue code for the years 2000 and 2001 and any previous collection activity was a misapplication of the internal revenue code (IRC) as the respondent willfully and negligently violated the Article 1.8.17 limits of Congress when imposing the IRC on the [Roes]." In this motion, the Roes challenge the imposition of taxes for tax years 2000 and 2001. However, the Court has already dismissed all claims challenging the assessment of 2000 and 2001 taxes for lack of subject matter jurisdiction. Therefore, the Roes' summary judgment motion is denied, as moot.

The Plaintiffs contend that this ruling is erroneous because the Court did not dismiss their claim challenging collection of the 2000 tax penalty imposed against Mr. Roe.

The Court reconsiders the September 19, 2005 ruling, but only to the extent that the Plaintiffs contend that they challenged the Defendant's "venue/jurisdiction/authority" to collect a filing penalty against Mr. Roe for tax year 2000. The Defendant made a *prima facie* showing that it was authorized to collect a tax filing penalty from Mr. Roe pursuant to 26 U.S.C. § 6702. (*See* September 19, 2005 Order at pp. 7-8). Therefore, the Plaintiffs were not entitled to summary

judgment.

Rule 62(d), Fed. R. Civ. P., and Rule 8(a)(1)(A), Fed. R. App. P, govern the Plaintiffs' request for a stay pending appeal. Because the Plaintiffs have not filed a Notice of Appeal, their request for a stay is premature and is denied.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiffs' motion for reconsideration **(#141)** is **DENIED**.

(2) The Plaintiffs' motion for reconsideration **(#143)** is **GRANTED**, but no further relief is ordered.

(3) The Plaintiffs' request for a stay pending appeal is **DENIED** as premature.

Dated this 7th day of November, 2005

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge